UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM JAMES HASTINGS, #190617,

        Petitioner,

v.

        Civil No. 1:08-CV-13478
        Honorable Thomas L. Ludington

NICK LUDWICK,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING HIS MOTION TO STAY PROCEEDINGS AND HOLD THE PETITION IN ABEYANCE, DISMISSING THE PETITION WITHOUT PREJUDICE, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Michigan prisoner Williams James Hastings has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. The petitioner was convicted of first-degree murder following a jury trial in the Jackson County Circuit Court and was sentenced as a fourth habitual offender to life imprisonment without parole in 2005. In his habeas application, he asserts that the prosecutor engaged in various forms of misconduct and that the trial court erred in denying his motion for new trial. The matter is currently before the Court on the petitioner's motion to amend his petition to add unexhausted claims alleging ineffective assistance of trial and appellate counsel, as well as his motion to stay the case and hold the petition in abeyance pending exhaustion of those claims in the state courts. The respondent has not filed a response to the petitioner's motions.

**I**

The petitioner's conviction arises from the strangulation death of Vicki Cook in the summer

of 2002. The Michigan Court of Appeals set forth the following facts:

> This case arose out of the killing of Vicki Cook, whose body was discovered in a state of advanced decomposition in an undeveloped marshland area on August 2, 2002. The date of her death was estimated to have been July 27, 2002. In late July 2002, defendant and an associate picked Cook up as a prostitute for sex in exchange for drugs and, in fact, smoked crack cocaine with her at another friend's house. Cocaine was found in Cook's body. Defendant and Cook left together, at which time Cook was wearing clothes, including a denim long-sleeved shirt depicting a Looney Tunes character, that belonged to Teresa Merrifield, defendant's girlfriend. Among other things, defendant testified that he told Merrifield that he had killed Cook. Merrifield also testified at trial that defendant had told her that he killed Cook.

*People v. Hastings*, No. 262698, 2006 WL 3333094, *1 (Mich. Ct. App. Nov. 16, 2006).[1]

Following his conviction, the petitioner filed a motion for new trial with the trial court based upon the newly-discovered evidence that another man, Thomas Mowrer, confessed to the crime. The trial court denied the motion. The petitioner then filed an appeal as of right with the Michigan Court of Appeals asserting that the prosecutor engaged in misconduct by failing to disclose "the extent of a deal" with a key prosecution witness, by eliciting improper character evidence, and by making an improper self-bolstering argument; and that the trial court erred in denying his motion for new trial. The Michigan Court of Appeals affirmed his conviction. *People v. Hastings*, No. 262698, 2006 WL 3333094 (Mich. Ct. App. Nov. 16, 2006). The petitioner filed an application for leave to appeal raising the same claims, which was denied with three justices dissenting. *People v. Hastings*, 478 Mich. 914 (2007). The petitioner moved for reconsideration, which was denied with two justices stating that they would grant reconsideration. *People v. Hastings*, 480 Mich. 864 (2007).

Petitioner signed his federal habeas petition on August 7, 2008. In his petition, he raises the

---

[1] Although the Michigan Court of Appeals indicates that the petitioner testified at trial, the record indicates that he did not testify at trial and that such statements were made to police and subsequently admitted into evidence at trial.

same claims presented to the state courts on direct appeal of his convictions. As part of his prosecutorial misconduct claim, however, the petitioner also alleges that Michael Cole and Ryan McLaughlin, two jail inmates who testified for the prosecution, were "coached" to testify against him and committed perjury at trial. This argument has not been presented to the state courts. The respondent has filed several responses to the petition contending that the claims have not been fully exhausted and that they lack merit and do not warrant habeas relief. The petitioner has since filed a motion to amend his petition to add five admittedly unexhausted claims alleging ineffective assistance of trial and appellate counsel, along with a proposed amended petition. The petitioner has also filed a motion to stay the case and hold the petition in abeyance pending the exhaustion of those claims in the state courts.

## II

As noted, the petitioner seeks to amend his petition to include claims alleging ineffective assistance of trial and appellate counsel. An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rules of Civil Procedure 15(a) allows for amendment of a pleading as a matter of course under certain circumstances which are inapplicable here. "In all other cases, a party may amend its pleading only with opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The petitioner in this case seeks to add claims to his petition which have not been presented to the state courts. However, a state prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

process."); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987).

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of a petitioner's claims before he can present those claims in federal court. Otherwise, the federal court is unable to apply the standard found at 28 U.S.C. § 2254.

The petitioner admits that he has not exhausted his proposed additional claims in the state courts. When faced with a motion to amend a habeas petition to include unexhausted claims, "the optimal course of action" is to deny the motion and provide the petitioner with "the option of either proceeding with . . . [the] exhausted claims or withdrawing [the] petition and pursuing [the unexhausted claims] in state court." *Rockwell v. Yukins*, 217 F.3d 421, 424 (6th Cir. 2000). Accordingly, the Court will deny the motion to amend.

The Court would ordinarily give the petitioner the option of proceeding on his exhausted claims or withdrawing his petition and returning to state court to pursue his unexhausted claims.

The record, however, reveals that the petitioner has also not presented the part of his prosecutorial misconduct claim in which he alleges that prosecution witnesses Michael Cole and Ryan McLaughlin were "coached" and committed perjury to the state courts.[2] Consequently, his current petition contains an exhausted claim. Generally, a federal district court should dismiss a "mixed" habeas petition, containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160.

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). This stay and abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id.* at 277. In this case, the petitioner has indicated his desire to return to the state courts to exhaust his claims and has moved for a stay (albeit in conjunction with his motion to amend).

The petitioner has an avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with

---

[2]The respondent also contends that the petitioner failed to sufficiently federalize his second habeas claim concerning the denial of the new trial motion in the state courts. This Court disagrees. The petitioner cited to Supreme Court cases and federal law and contended that his rights to due process and to present exculpatory evidence were violated. Such arguments were sufficient to put the state courts on notice regarding the federal component of his claim.

the trial court under Michigan Court Rule 6.500 et seq. raising the unexhausted claims and pursue those claims in the state appellate courts as necessary. The unexhausted claims concern matters of federal law which may warrant further review. Those claims should therefore be addressed to, and considered by, the state courts in the first instance.

The petitioner seeks to stay this case and hold his petition in abeyance pending the exhaustion of state court remedies. However, he has not shown a need for a stay. While his unexhausted claims do not appear to be "plainly meritless" and there is no indication that he has intentionally delayed the proceedings, he has not shown extraordinary circumstances warranting a stay. The one-year limitations period applicable to habeas actions does not pose a significant problem. *See* 28 U.S.C. § 2244(d)(1). The petitioner's direct appeal concluded when the Michigan Supreme Court refused to reconsider its decision denying leave to appeal. *See McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). The Michigan Supreme Court denied reconsideration on September 10, 2007. The petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. He did not do so. With regard to the statute of limitations, therefore, his conviction became final on or about December 9, 2007. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The petitioner then had one year in which to file his federal habeas petition or seek additional state court review.[3] The petitioner dated his federal habeas petition on August 7, 2008. At that point, eight months of the one-year limitations period had run and four months remained. While the time in which his habeas case has been pending before this Court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other

---

[3]The time during which a properly filed application for state post-conviction or other collateral review is pending in the state courts statutorily tolls the one-year period. *See* 28 U.S.C. § 2244(d)(2).

collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Assuming that the petitioner has not already filed a motion for relief from judgment in state court, he will have four months of the limitations period remaining at the time of this decision. Four months is a sufficient amount of time for him to file his state court pleadings (thereby tolling the one-year period), complete the state court process, and return to this Court on a perfected petition.

Finally, the Court notes that the petitioner has not explained why he did not exhaust all of his issues, i.e., by filing a motion for relief from judgment in the state courts, before filing his federal habeas petition. The petitioner's claim that appellate counsel failed to pursue issues on direct appeal, while perhaps excusing that procedural default, does not excuse his failure to seek collateral review in the state courts before filing the instant petition. Given such circumstances, a stay is unwarranted. Accordingly, the Court will deny the motion to stay. The more appropriate course of action is to dismiss the petition without prejudice to allow the petitioner to fully exhaust his claims in the state courts before proceeding on federal habeas review.

### III

Accordingly, it is **ORDERED** that petitioner's motions to amend [Dkt. #16] and to stay the case and hold the petition in abeyance [Dkt. #17] are **DENIED**.

It is further **ORDERED** that the petition for a writ of habeas corpus [Dkt. #1] is **DISMISSED WITHOUT PREJUDICE** to allow the petitioner to return to the state courts to fully exhaust his claims. Should the petitioner wish to forego pursuing his unexhausted claims in the state courts and to instead proceed only on the fully exhausted claims contained in his original petition, he may move to re-open this case within **30 DAYS** of the filing date of this order.

Before the petitioner may appeal this Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Having considered the matter, the Court concludes that jurists of reason would not find the Court's procedural ruling debatable. Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED** because such an appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 4, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 4, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS